NOT DESIGNATED FOR PUBLICATION

No. 116,627

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADAM M. BARNEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed April 14, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Adam M. Barney appeals the district court's decision revoking his probation and ordering him to serve his underlying sentence. We granted Barney's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and agrees that summary disposition is appropriate.

On April 28, 2015, Barney pled guilty to one count of domestic battery after two prior convictions within the last 5 years in violation of K.S.A. 2013 Supp. 21-5414(a)(2), (b)(3). On June 26, 2015, the district court sentenced Barney to 12 months in jail and ordered him to serve 90 days before being released to a 12-month probation term.

1

On September 16, 2015, a warrant was filed alleging that Barney had violated the conditions of his probation. At a hearing on October 23, 2015, Barney admitted to several technical violations. The district court ordered a 30-day jail sanction followed by inpatient treatment. Barney concurred with this disposition.

On May 20, 2016, a warrant was filed again alleging that Barney had violated the conditions of his probation. A hearing was held on July 11, 2016, and Barney admitted to failing to report to his probation officer. Noting that Barney had made some progress in the case, the district court nonetheless made the "public safety and welfare of offender" findings pursuant to K.S.A. 2016 Supp. 22-3716(c)(9). The district court revoked Barney's probation and imposed the underlying sentence. Barney timely appealed.

On appeal, Barney argues that the district court "failed to make particularized findings under K.S.A. 22-3716(c)(9) to bypass intermediate sanctions." However, Barney acknowledges that pursuant to K.S.A. 2016 Supp. 22-3716(b)(3)(B)(iii) and (c)(1) the district court was not required to make such findings to revoke Barney's probation based on his conviction of domestic battery after two prior convictions within the last 5 years. The State agrees that the district court was not required to make particularized findings to bypass intermediate sanctions due to Barney's conviction of domestic battery.

The procedure for revoking an offender's probation or assignment to community corrections is governed by K.S.A. 2016 Supp. 22-3716. Traditionally, once a defendant on probation violated that probation, the district court had the discretion to revoke the probation and order that the defendant serve the underlying sentence. *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the

burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In 2013, our legislature limited a district court's discretion to order that a probation violator serve his or her underlying sentence by amending K.S.A. 22-3716. The statute as amended provides that after finding that the conditions of probation have been violated, the court is to apply graduated intermediate sanctions ranging from modification of the defendant's release conditions to brief periods of confinement in jail that increase in length depending on the number of lesser sanctions already imposed by the court. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). Pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), the court may revoke probation without having previously imposed an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction. Whether the district court's reasons are sufficiently particularized as required by statute is a question of law over which an appellate court has unlimited review. See *State v. McFeeters*, 52 Kan. App. 2d 45, 47-49, 362 P.3d 603 (2015).

However, the requirement for a district court to consider intermediate sanctions before revoking a defendant's probation does not apply if the defendant was convicted of a felony specified in K.S.A. 2016 Supp. 21-6804(i)(1), which includes a conviction of domestic battery in violation of K.S.A. 2016 Supp. 21-5414(b)(3). See K.S.A. 2016 Supp. 22-3716 (b)(3)(B)(iii) and (c)(1). As Barney acknowledges, the district court was not required to consider intermediate sanctions before revoking his probation due to his underlying conviction of domestic battery after two prior convictions within the last 5 years. Thus, we do not need to address whether the district court made particularized findings under K.S.A. 2016 Supp. 22-3716(c)(9) to bypass intermediate sanctions.

3

Here, Barney was convicted of domestic battery after two prior convictions within the last 5 years. The record reflects that Barney twice violated the conditions of his probation. Although Barney made some progress while on probation, he fails to establish how the district court abused its discretion in revoking his probation and ordering him to serve his underlying prison sentence. The district court's decision to revoke Barney's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not err in revoking Barney's probation and ordering him to serve his underlying sentence.

Affirmed.